CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 14 2015

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CATHIE T. MARTIN, | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No.: 4:15CV00059 |
| DePAUL COMMUNITY RESOURCES, INC., | ) |
| Serve: Amanda Stanley<br>President and CEO<br>DePaul Community Resources<br>5650 Hollins Road<br>Roanoke, Virginia 24019 | ) |
|     Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Cathie T. Martin ("Ms. Martin"), by counsel, and files this Complaint and moves for judgment in her favor against the Defendant, DePaul Community Resources, Inc. ("DePaul"), on the grounds and in the amount set forth below:

### Nature of the Case

1. This is a civil action seeking damages against DePaul for the discriminatory discharge of Ms. Martin in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 et seq.

### Parties, Jurisdiction, and Venue

2. Ms. Martin is a resident of the Commonwealth of Virginia and was employed by DePaul for more than ten years prior to her termination in August 2014.

3. DePaul is a non-profit 501(c)(3) corporation with its principal place of business located at 5650 Hollins Road, Roanoke, Virginia 24019. Among other offerings, DePaul

1

provides a variety of services to individuals with developmental disabilities and to the families of such developmentally disabled individuals.

4. DePaul is a covered entity pursuant to 42 U.S.C. § 12111 because it has had more than fifteen employees in each of the twenty or more calendar weeks in the current or preceding calendar year. On information and belief, from August 6, 2014, through the present, DePaul has employed at least 200 individuals.

5. Because this is a case brought under the ADA, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. Furthermore, Ms. Martin has complied with all jurisdictional prerequisites for the filing of an action under the ADA. On or about January 28, 2015, she filed a written charge of discrimination with the Richmond, Virginia office of the U.S. Equal Employment Opportunity Commission ("EEOC") under Charge Number 438-2015-00374. On or about September 15, 2015, at the request of Ms. Martin, the EEOC issued to her a Notice of Right to Sue. A copy of this Notice of Right to Sue is attached hereto as Exhibit 1. Ms. Martin has filed this action within ninety days of receipt of this Notice of Right to Sue.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because DePaul's principal place of business is located in the Western District of Virginia and the events giving rise to this action occurred in this District and, more specifically, in the Danville Division.

### Statement of Facts

*Ms. Martin's Employment and Disability*

8. Ms. Martin began her employment with DePaul in November 2003 and, over the course of the next ten-and-a-half years, served in a variety of positions for the company.

9. Prior to her termination by DePaul, Ms. Martin most recently worked as a residential coordinator, operating out of DePaul's office located at 203 Riverview Drive in the City of Danville.

10. Among her assigned duties, Ms. Martin visited DePaul's clients in their respective residences and observed and monitored the clients' behaviors, mannerisms, and physical appearances. She also evaluated and reported to her supervisors regarding the condition of the residences in which the clients were living.

11. In or around February 2005, Ms. Martin was diagnosed with macular dystrophy, a genetic eye disorder that causes progressive vision loss and which substantially limits one or more of Ms. Martin's major life activities (the "Disability").

12. Since her diagnosis, Ms. Martin has been under the care of various medical professionals specializing in optometry and/or ophthalmology.

13. Ms. Martin promptly disclosed her Disability to DePaul and continued to perform her duties as assigned by the company, including, but not limited to, those that were observational in nature.

14. In response to a June 29, 2012, letter received from DePaul's then-Director of Human Resources and Risk Management, Laura Spafford, Ms. Martin requested that her optometrist, John E. Crews, OD ("Dr. Crews"), complete an Employment Medical Inquiry form addressing Ms. Martin's continued ability to perform her essential functions as an employee.

15. Based on a July 5, 2012, examination, Dr. Crews completed the aforementioned Employment Medical Inquiry form and prepared a corresponding letter to DePaul. In those documents, he stated that Ms. Martin was "a very highly functioning individual" who, "with only minimal adjustments to her work station and low[-]powered visual aids," could "easily perform

3

the essential functions of her position with the exception of driving after sunset." In response to Dr. Crews' comments, DePaul acknowledged that Ms. Martin needed to complete her duties that involved driving between sunrise and sunset.

16. As the evaluations of her performance demonstrated, Ms. Martin consistently met or exceeded DePaul's expectations for her performance. In her last annual performance evaluation, which was completed in the spring of 2014, Ms. Martin receiving overwhelmingly positive feedback in which she was described as performing her responsibilities "perfectly" or nearly perfectly. Her supervisor did not note any specific duties with respect to which Ms. Martin needed development.

*Ms. Martin's Request for Reasonable Accommodation*

17. In the early summer of 2014, Ms. Martin informed DePaul that – while still legally permitted to drive during the day – she was no longer comfortable doing so and wished to cease driving. She requested that her son, deputy sheriff Joe Martin ("Deputy Martin"), be allowed to transport her to and from her appointments, without any disruption to her clients or her work schedule.

18. Deputy Martin, a law-enforcement veteran of more than fifteen years who is employed in the patrol division of the Pittsylvania County Sheriff's Office, was agreeable to transporting his mother and to remaining in his vehicle during her appointments to ensure client confidentiality.

19. Recognizing the reasonableness of this request, DePaul agreed to Ms. Martin's request for accommodation. DePaul's approval of Ms. Martin's request was communicated to her orally.

4

### DePaul's Termination of Ms. Martin's Employment

20. On August 6, 2014, only weeks after DePaul approved Ms. Martin's request for her son to provide transportation to her appointments with clients, two DePaul employees – Carrie Young, who was Ms. Martin's immediate supervisor ("Ms. Young"), and Gary Ratliff, DePaul's Human Resources Director ("Mr. Ratliff") – traveled to Ms. Martin's home in Callands, Virginia to meet with her.

21. During the August 6 meeting, Mr. Ratliff informed Ms. Martin that – because DePaul believed that her Disability prevented her from completing her duties – her employment with the company was being terminated effective August 29, 2014.

22. A letter provided to Ms. Martin contemporaneously with the August 6 meeting stated in only general terms that "[t]he reason for termination of your employment is your inability to perform the essential functions of the job."

23. By email dated August 17, 2014, Debbie McIvor, who was then DePaul's Vice President charged with overseeing the developmental disabilities division in which both Ms. Martin and Ms. Young were employees, stated the following regarding the reasons for Ms. Martin's termination:

> I hope you understand that the issue alone is not the driving but the ability to see the subtle and overt signs of our clients [sic] physical and emotional needs (bruises, scratches, clothing, facial expressions, pain, etc [sic]). With this population observation is the social workers [sic] primary assessment skill.

24. However, at no point prior to the August 6 meeting and the August 17 email had DePaul informed Ms. Martin that her "ability to see the subtle and overt signs" of her clients' "physical and emotional" needs fell below expectations. As described above, Ms. Martin's performance had recently been evaluated as very strong.

25. DePaul terminated Ms. Martin's employment based on its unfounded fears that Ms. Martin's Disability would expose the company to liability despite her continued ability to perform the essential functions of her job at a high level.

26. DePaul has discriminated against Ms. Martin in violation of the ADA by terminating her employment on the basis of her Disability when she could – and did – perform the essential functions of her job, with and without reasonable accommodation(s).

27. In doing so, DePaul acted with malice or, in the alternative, with reckless indifference to the rights of Ms. Martin that are protected by the ADA.

28. As a result of DePaul's actions in violation of the ADA, Ms. Martin has suffered loss of wages, both in the past and in the future; has suffered emotional pain, mental anguish, embarrassment, inconvenience, and the loss of enjoyment of life; and will most likely continue to suffer such in the future.

**WHEREFORE**, the Plaintiff, Cathie T. Martin, respectfully requests that this Court enter judgment against the Defendant, DePaul Community Resources, Inc., providing the following relief:

(a) Back pay since August 29, 2014, and reimbursement for lost insurance and all other benefits since that time;

(b) Front pay, including benefits, in lieu of reinstatement;

(c) Compensatory and punitive damages in the amount of Two Hundred Thousand Dollars ($200,000), exclusive of costs and interest;

(d) The costs of this litigation and Ms. Martin's reasonable attorneys' fees;

(e) Pre- and post-judgment interest as allowable by law; and

(f) Such other and further relief as the Court deems just and appropriate.

TRIAL BY JURY IS REQUESTED.

**CATHIE T. MARTIN**

By Counsel

_____
Steven P. Gould, Esq. (VSB No. 80411)
Rachael A. Sanford, Esq. (VSB No. 73386)
CLEMENT WHEATLEY
549 Main Street (24541)
P.O. Box 8200
Danville, Virginia 24543-8200
Telephone: 434.793.8200
Facsimile: 434.793.8436
GouldS@clementwheatley.com
SanfordR@clementwheatley.com
*Counsel for Plaintiff*